1
2
3
4
5
6
7

8       **UNITED STATES DISTRICT COURT**

9       **EASTERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11   CYNTHIA SOLTERO, | )   Case No.: 1:12-cv-01791 - LJO - JLT |
| 12              Plaintiff, | ) <br> )   FINDINGS AND RECOMMENDATIONS |
| 13        v. | )   DENYING PLAINTIFF'S MOTIONS FOR <br> )   DEFAULT JUDGMENT |
| 14   CITY OF BAKERSFIELD, et al., | ) |
| 15              Defendants. | )   (Docs. 29, 30) <br> ) |
| 16 _____ | ) <br> ) |

17          Plaintiff Cynthia Soltero asserts the defendants are liable for wrongful death and violations of

18   the civil rights of her deceased husband, Matthew Yzaguirre.  Nominal defendant Robert Yzaguirre,

19   father of the deceased, did not file an answer to Plaintiff's complaint.  Plaintiff now seeks the entry of

20   default judgment pursuant to Rule 55(a)(b)(1) of the Federal Rules of Civil Procedure against nominal

21   defendant Robert Yzaguirre.  (Docs. 29, 30.)  Because Plaintiff fails to plead a sum certain in her

22   complaint, and just reason exists to delay entry of a final judgment, the Court recommends her motion

23   for default judgment be **DENIED**.

24   **I.      Background**

25          Plaintiff initiated an action in Kern County Superior Court by filing a complaint on April 28,

26   2011.  (Doc. 2 at 1.)  She filed an unverified amended complaint on October 20, 2011, asserting the

27   following claims: (1) violation of Cal. Civ. Code § 52.1; (2) wrongful death under Cal. Code of Civ.

28   Proc. § 377.60; (3) assault; (4) battery; (5) intentional infliction of emotional distress; (6) negligence;

and (7) negligent hiring, training and supervision against City of Bakersfield and Bakersfield Police Department.  (*Id.* at 2.)  Defendants filed an answer to the complaint on November 21, 2011.  (*Id.*)  After Plaintiff received leave to file a Second Amended Complaint adding claims for civil rights violations arising under 42 U.S.C. § 1983, the defendants filed a Notice of Removal, thereby initiating the action in this Court.  (Doc. 2.)

Plaintiff filed a Third Amended Complaint against the City of Bakersfield, Timothy Berchtold, Jason Felgenhauer, and Robert Yzaguirre on June 23, 2014, which is now the operative pleading in the action.  (Doc. 23.)  The City of Bakersfield, Timothy Berchtold, and Jason Felgenhauer filed their answer to the Third Amended Complaint on June 23, 2014.  (Doc. 24.)  To date, nominal defendant Robert Yzaguirre has neither filed an Answer nor made any attempt to appear in the action.  Plaintiff requested the Clerk of Court enter default against Yzaguirre on September 9, 2014 (Doc. 27), and the request was granted on September 10, 2014 (Doc. 28).

## II.    Legal Standards Governing Default Judgment

After default is entered because "a party against whom a judgment for relief is sought has failed to plead or otherwise defend," the party seeking relief may apply to the Clerk or the Court for a default judgment. Fed. R. Civ. P. 55(a)-(b).  The Clerk of the Court may enter default judgment if the plaintiff's claim is for a sum certain or when a sum can be made certain by computation. Fed.R.Civ.P. 55(b)(1).  If there is not a sum certain, the Court may enter default judgment by taking well-plead factual allegations as true and calculating the amount of damages to be awarded.  *See Pope v. United States*, 323 U.S. 1, 22 (1944); *Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977).

Entry of default judgment is within the discretion of the Court.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  The entry of default "does not automatically entitle the plaintiff to a court-ordered judgment.  *Pepsico, Inc. v. Cal. Sec. Cans*, 238 F.Supp.2d 1172, 1174 (C.D. Cal 2002), *accord Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986).  The Ninth Circuit determined:

> Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

1    *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  As a general rule, the issuance of default

2    judgment is disfavored.  *Id.* at 1472.

3    **III.    Discussion and Analysis**

4            **A.    Plaintiff fails to establish a sum certain**

5            Establishing a sum certain under Rule 55(b)(1) is a high standard. The Ninth Circuit explained:

6    "A claim is not a sum certain unless there *is no doubt* as to the amount which Plaintiff is entitled as a

7    result of the defendant's default." *Franchise Holding II, LLC v. Huntington Restaurants Group Inc.*,

8    375 F. 3d 922, 928 (9th Cir. 2004) (emphasis added, citing *KPS & Assocs., Inc. v. Designs by FMC,*

9    *Inc.,* 318 F.3d 1, 19 (1st Cir. 2003)).

10           Here, Plaintiff's counsel filed an affidavit in support of the request for entry of default

11   judgment by the Clerk, asserting: "The claim for the plaintiff is for the sum of $75,000."  (Doc. 30-1 at

12   2.)  However, it is not clear how counsel arrived at this number to calculate the amount of damages.

13   Review of the Third Amended Complaint offers no assistance.  To the contrary, Plaintiff seeks

14   "general and special damages *in an as yet unascertained amount*" and civil penalties totaling $25,000

15   under Cal. Civ. Code § 52.1.  (Doc. 23 at 12, emphasis added.)  Consequently, Plaintiff fails to meet

16   her burden to establish a sum certain for her claims.

17           **B.    Plaintiff fails to demonstrate the entry of default judgment is appropriate against**

18                  **the nominal defendant.**

19           As initial matter, Plaintiff acknowledges that Yzaguirre is a nominal defendant in this action for

20   the wrongful death of Plaintiff's husband and Yzaguirre's son.  (*See* Doc. 30 at 1.)  California law

21   permits only one action for wrongful death. *Cross v. Pacific Gas & Elec. Co*., 60 Cal. 2d 690, 694

22   (1964).  As a result, all heirs are necessary parties and plaintiffs "have a mandatory duty to join all

23   known omitted heirs" in a single action.  *Ruttenberg v. Ruttenberg*, 53 Cal. App. 4th 801, 808 (1997).

24   In *Ruttenberg*, the court explained:  "If an heir refuses to participate in the suit as a plaintiff, he or she

25   may be named as a defendant so that all heirs are before the court in the same action. An heir named as

26   a defendant in a wrongful death action is, in reality, a plaintiff." *Id.*  Although identified as a nominal

27   defendant, an heir may recover against the wrongful death action plaintiffs if he is not properly joined

28   in the action.  *See id.; Cotta v. Robinson*, 2014 WL 4249144 at *4 (E.D. Cal. Aug. 27, 2014).

1  Accordingly, though Plaintiff was required to name Yzaguirre as a nominal defendant in this action,

2  there is no showing that he is entitled to an award of damages from him.

3      Moreover, it does not appear appropriate to enter judgment against Yzaguirre while the action

4  remains against the City of Bakersfield and its officers involved in the shooting.  Under the Federal

5  Rules of Civil Procedure, "[w]hen an action presents more than one claim for relief . . . or when

6  multiple parties are involved, the court may direct entry of a final judgment as to one or more, but

7  fewer than all claims or parties *only* if the court expressly determines that there is no just reason for

8  delay." Fed. R. Civ. P. 54(b) (emphasis added).

9      The Supreme Court warned that "absurdity might follow" in instances where a court "can

10 lawfully make a final decree against one defendant . . . while the cause was proceeding undetermined

11 against the others." *Frow v. De La Vega*, 82 U.S. 552, 554 (1872). When a case involves multiple

12 parties, "[c]onsiderations of fairness and sound administration of justice are also applicable to the entry

13 of default judgment." *Johnson v. Cate*, 2009 U.S. Dist. LEXIS 57942, at * 2 (E.D. Cal. June 23, 2009).

14 The Ninth Circuit explained, "It is a fundamental legal principle that an injured party is ordinarily

15 entitled to only one satisfaction for each injury." *Franklin v. Kaypro Corp*., 884 F.2d 1222, 1230 (9th

16 Cir. 1989) (quoting *U.S. Indus., Inc. v. Touche Ross & Co*., 854 F.2d 1223, 1236 (10th Cir. 1988)).

17 Given defendant Yzaguirre's status as a nominal defendant and the fact that Plaintiff is entitled to only

18 one judgment on her claims, the Court finds just cause to delay the entry of judgment against Robert

19 Yzaguirre.

20 **IV.    Findings and Recommendations**

21      As noted above, default judgments are disfavored because "[c]ases should be decided on their

22 merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472.  Plaintiff fails to demonstrate the entry

23 of default judgment is appropriate by the Clerk or the Court under Rule 55.  Based upon the foregoing,

24 the Court **RECOMMENDS** that Plaintiff's request for entry of default judgment against defendant

25 Robert Yzaguirre (Docs. 29, 30) be **DENIED WITHOUT PREJUDICE**.

26      These Findings and Recommendations are submitted to the United States District Judge

27 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local

28 Rules of Practice for the United States District Court, Eastern District of California.  Within fourteen

4

days of the date of service of these Findings and Recommendations, any party may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 21, 2014**                  **/s/ Jennifer L. Thurston**
                                                                    UNITED STATES MAGISTRATE JUDGE