UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CYNTHIA SOLTERO, Individually and as Successors in Interests of VINCENT MATTHEW YZAGUIRRE, DECEASED,**<br><br>Plaintiff,<br><br>v.<br><br>**CITY OF BAKERSFIELD, TIMOTHY BERCHTOLD, JASON FELGENHAUER, and DOES 2 through 10, inclusive,**<br><br>Defendants. | 1:12-CV-01791-LJO-JLT<br><br>**ORDER DENYING MOTION FOR JUDICIAL DETERMINATION PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE section 382 (DOC. 35) AND REQUIRING FILING AND RE-NOTICE OF MOTION PURSUANT TO CCP section 377.61** |

 Cynthia Soltero is the birth mother of decedent Matthew Vincent Yzaguirre, who died on May 14, 2010, allegedly as a result of gunshot wounds inflicted by Bakersfield Police Department Officers. On October 20, 2011, Ms. Soltero initiated the instant litigation in the Superior Court for the County of Kern, alleging the following causes of action: 1) Violation of California Civil Code § 52.1; (2) Wrongful Death Pursuant to California Code of Civil Procedure § 377.60; (3) Assault; (4) Battery; (5) Intentional Infliction of Emotional Distress; (6) Negligence; and (7) Negligent Hiring, Training and Supervision. *See* Doc. 2 at 2. On October 9, 2012, the Superior Court granted Plaintiff's motion to file an amended complaint to add causes of action under 42 U.S.C. §§ 1981, 1983, and 1985. *Id*. at 3. Defendants removed to this Court. Doc. 1.

 Plaintiff filed a Third Amended Complaint against the City of Bakersfield, Timothy Berchtold, Jason Felgenhaurer, and Robert Yzaguirre on June 23, 2014, which is now the operative pleading in the action. Doc. 23. The City of Bakersfield, Timothy Berchtold, and Jason Felgenhauer filed their answer on June 23, 2014. Doc. 24. To date, nominal defendant Robert Yzaguirre, Decedent's biological father,

1 has neither filed an Answer nor made any attempt to appear in the action.

2       On December 8, 2014, Counsel for Defendants filed a "Motion for Judicial Determination Pursuant to California Code of Civil Procedure § 382," requesting that this Court enter an order finding that: (1) all the proper parties have been named in this case; (2) nominal defendant Robert Yzaguirre had notice of the death of his son, Matthew Vincent Yzaguierre since at least May 18, 2010; (3) nominal Defendant Robert Yzaguirre had notice of this lawsuit; (4) despite this notice and despite the efforts of the parties, Robert Yzaguirre has refused to participate in this litigation; (5) Robert Yzaguirre's claims are otherwise barred by the applicable statute of limitations; (6) given Robert Yzaguirre's failure to participate in this lawsuit and the legal bar to his claims, the parties are left with no option but to settle and dismiss this matter with a complete legal waiver from Mr. Yzaguirre. Doc. 35.

      California Code of Civil Procedure § 382 provides:

> If the consent of any one who should have been joined as plaintiff cannot be obtained, he may be made a defendant, the reason thereof being stated in the complaint; and when the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all.

Cal. Code Civ. Pro. § 382 ("§ 382"). A reading of the motion, along with all papers included with the filing, results in the conclusion that what is being sought is a total end to this case, foreclosing anyone from ever again making a claim against anyone having to do with the death that is the subject of this suit. One clear problem is that Cal. Code Civ. Pro. Section 382 does not provide for the Advisory Opinion that is being sought.

      To obtain the Order that all parties clearly seek, the parties may do one of two things:

1. Obtain a written, signed waiver by the natural father of the decedent who is housed at the Soledad Prison; or

2. File and Notice (including to the father) a Motion Seeking Court Apportionment of the Settlement Proceeds Among the Heirs pursuant to Cal. Code Civ. Pro. Section 377.61. (see also Corder v Corder, 41 Cal. 4th 644, 660 (2007).

2

a. Concurrent with this motion should be a Motion to Set Aside the Default of the natural father (the nominal defendant), so that he is a part of the Court's decision to dispose of this case completely.

IT IS SO ORDERED.

Dated: **December 9, 2014**         **/s/ Lawrence J. O'Neill**
UNITED STATES DISTRICT JUDGE